# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| **CHERYL WORDEN,** <br><br> Plaintiff, <br><br> v. <br><br> **FCA US LLC,** <br><br> Defendant. | No. 18 CV |

## COMPLAINT

NOW COMES, the Plaintiff, Cheryl Worden and her Attorney Rene Hernandez and the Law Office of Rene Hernandez, P.C. and bringing forth this Complaint, and state as follows:

1. The Plaintiff is an adult female residing in Winnebago, Illinois and former employee of Defendant FCA US LLC (hereafter FCA).

2. The Defendant is a U.S. corporation and registered as an LLC in the State of Delaware with its principal place of business located in Auburn Hills Michigan..

3. The Defendant has a business location located in Belvidere, Illinois and this is where the Plaintiff was employed.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e et seq. and 29 U.S.C. § 621 et seq.

5. Plaintiff was employed by the Defendant as a Labor Relations Manager.

6. During the course of her employment with Defendant the Plaintiff was subjected to repeated and continual sex based harassment by her male supervisors or managers.

7. The harassment consisted of male managers using offensive terms to describe women and usually genitalia and derogatory based terms. This included female managers and the Plaintiff.

8. The harassment was severe and pervasive in that they changed the terms and conditions of employment creating a hostile working environment for the Plaintiff.

9. Because the perpetrators were management members, the Plaintiff had no recourse to correct the problem from within the company.

10. Throughout Plaintiff's tenure at the Defendant's, younger male mangers were routinely allowed to violate workplace rules and policies. Many of the violations were terminable events per the code of conduct rules and policies.

11. Based on false and pretextual reasons, Human Resource Manager Brad Rauchfuss acted to accuse the Plaintiff of falsifying an investigation summary.

12. Based on said false allegations against the Plaintiff, the Defendant acted to terminate the Plaintiff based on sex female and age 52.

13. The Plaintiff acted to file charges of discrimination with EEOC on or about January 12, 2018 and attached hereto as Exhibit A. On or about September 27, 2018 the EEOC served a Right to Sue Letter attached hereto as Exhibit B.

COUNT I
HOSTILE WORK ENVIRONMENT

14. The Plaintiff adopts and realleges paragraphs 1 through 13 as though fully set forth here.

15. The Plaintiff and other female management personnel were exposed to hostile working environment based on their sex-female in that they were exposed to a sexually offensive work environment by management members on a routine basis.

16. Said work environment was offensive and changed the terms and conditions of employment by creating a hostile working environment.

17. The harassment included lewd sexual references to sex, sex organs and women in a degrading and humiliating manner.

18. The Plaintiff as a member of human resources, had her resolution options limited by male management members who were her supervisors.

19. Said management personnel responsible for enforcing and publishing work place policy. Said personnel also stated Plaintiff could not be successful because she was not a male and not a member of the "boys club".

20. The Plaintiff suffered compensatory damages as a result of being exposed to a sex based hostile work environment on a routine basis.

21. The Defendant acted either intentionally or with reckless disregard to Plaintiff's Civil Rights so as to warrant punitive damages against the Defendant.

WHEREFORE, the Plaintiff prays for this Honorable Court to grant judgment in her favor awarding compensatory, actual, and punitive damages against the Defendant in excess of $75,0000.00 to include attorney's fees and costs.

COUNT II
SEX DISCRIMINATION

22. The Plaintiff adopts and realleges paragraphs 1 through 20 as though fully set forth here.

23. On October 12, 2017, the Plaintiff was asked to conduct an investigation regarding a recently terminated employee applying the seven tests of discipline (as provided by Supervisor Brad Rauchfuss).

24. An investigation was opened, and draft documents were prepared. As the original Labor Representative (Matt Rainey) who conducted the original investigation was not present, Plaintiff drafted a summary of what she could and awaited a direct report from Matt Rainey upon his return to verify facts and statements as they were drafted.

25. This was the standard practice at the Defendant's since Plaintiff was employed with Defendant (5 years).

26. On October 13, 2017 the Plaintiff met with Brad Rauchfuss to review the draft documents as requested. The Plaintiff advised Rauchfuss that she had drafted the summary on Rainey's behalf since he was out of office until Monday, and that Rainey would have to complete the document and investigation upon his return.

27. On October 17, 2017, Brad Rauchfuss, Human Resource Manager, accused the Plaintiff of falsifying the investigation summary event though he was told that the draft documents awaited Matt Rainey's return. Said accusations were false.

28. As Labor Relations Manager, the Plaintiff routinely assisted Labor Representatives with the drafting an editing of executive summaries prior to final copy being completed. At the conclusion of the meeting with Rauchfuss, the Plaintiff was suspended and sent home.

29. On October 27, 2017, Brad Rauchfuss called the Plaintiff into work to terminate her based on what he called "that issue last week" and "performance".

30. The Plaintiff was not afforded any of the 7 steps tests of just discipline, or any form of discipline besides termination. No unbiased investigation was conducted. No one from FCA contacted the Plaintiff after she was abruptly suspended on October 17, 2017 to discuss the issue nor was the Plaintiff allowed to provide her side of events. Plaintiff was terminated on October 27, 2017.

31. Prior to the Plaintiff's termination she was an excellent worker winning multiple awards for outstanding performance and had no prior discipline.

32. FCA has treated male managers much better than the Plaintiff. There were 29 male

managers, most of whom were younger than the Plaintiff, who were simply disciplined (or not discipline at all) for terminable conduct.

33. None of the male managers were even suspended let alone fired.

34. FCA favors male managers over its women managers.

35. The Plaintiff was subjected to different terms and conditions of employment because of her sex female.

36. The Plaintiff suffered lost wages and health and retirement benefits as a result of the wrongful suspension and termination.

37. The Plaintiff suffered compensatory damages as a result of the Defendant's wrongful conduct.

38. The Plaintiff is entitled to attorney's fees and costs as result of bringing suit to recovery for her injuries.

39. The Defendant's acts were done willfully and in reckless disregard to the Plaintiff's civil rights as to warrant punitive damages.

WHEREFORE, the Plaintiff prays for this Honorable Court to grant judgment in her favor awarding compensatory, actual, and punitive damages against the Defendant in excess of $75,0000.00 to include attorney's fees and costs.

## COUNT III
## AGE DISCRIMINATION

40. The Plaintiff adopts and realleges paragraphs 1 through 39 as though fully set forth here.

41. In addition, to the Defendant's discrimination based on her sex female, the Plaintiff suffered age discrimination.

42. As previously cited, the Defendant had 29 male managers who engaged in terminable conduct and almost all of them were younger than the Plaintiff and treated more favorably because for their age.

43. The Plaintiff was subjected to different terms and conditions of employment because of her age 52.

44. The Plaintiff suffered lost wages and health and retirement benefits as a result of the wrongful suspension and termination.

45. The Plaintiff suffered compensatory damages as a result of the Defendant's wrongful conduct.

46. The Plaintiff is entitled to attorney's fees and costs as result of bringing suit to recover for her injuries.

47. The Defendant's acts were done willfully and in reckless disregard to the Plaintiff's civil rights as to warrant punitive damages.

WHEREFORE, the Plaintiff prays for this Honorable Court to grant judgment in her favor awarding compensatory, actual, and punitive damages against the Defendant in excess of $75,0000.00 to include attorney's fees and costs.

Respectfully submitted,
Cheryl Worden, Plaintiff


By: /s/ Rene Hernandez
Rene Hernandez
Law Office of Rene Hernandez, P.C.
1625 East State Street
Rockford, Illinois 61104
(815) 387-0261

**PLAINTIFF DEMANDS TRIAL BY JURY**